UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : CASE NO: 03:02CR000250 (AWT) |
| | : |
| VS. | : |
| | : |
| HERBERT LOWERY. | : |
| | : JUNE 7, 2006 |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF RESENTENCING

The Second Circuit has remanded Herbert Lowery's case to this Court for further proceedings in conformity with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Defendant submits this Memorandum pursuant to this Court's Order dated May 5, 2006 setting forth his position as to why the court should have imposed a nontrivially different sentence if, at the time of sentencing, it had understood sentencing law as subsequently explained by the Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2005).

### STATEMENT OF THE FACTS

As part of a plea agreement with the United States Attorney's Office for the District of Connecticut (the "Government"), Mr. Lowery pleaded guilty to three charges: Use of a Telephone to Facilitate a Narcotics Trafficking Offense in violation of 21 U.S.C. §843, Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. §841(a)1 and (b)1 and Assault on a Federal Agent in violation of 18 U.S.C. §111(a) and (b).

Herbert Lowery was initially indicted on one count of a seven count indictment for conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(iii). The Government filed a superceding indictment on October 22,

2003 and, finally, a second superceding indictment on November 11, 2003. The Second Superceding Indictment indicted Mr. Lowery on four counts: count one charged Mr. Lowery with conspiracy to distribute 50 grams or more of Cocaine Base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii), count two charged Mr. Lowery with use of a telephone to facilitate a narcotics trafficking offense in violation of 21 U.S.C. §843, count three charged Mr. Lowery with possession of cocaine base with intent to distribute in violation of 21 U.S.C. §841(a)1 and (b)1 and count four charged Mr. Lowery with assault on a federal agent in violation of 18 U.S.C. §111(a) and (b) (the "Second Superceding Indictment").

On January 9, 2004, Mr. Lowery entered into a plea agreement with the United States Attorney's Office for the District of Connecticut (the "Government"). Pursuant to that agreement, Mr. Lowery pled guilty to counts two, three and four of the Second Superceding Indictment and the Government agreed to and ultimately did dismiss the original indictment, the superceding indictment and Count One of the Second Superceding Indictment in so far as they applied to Mr. Lowery.

On March 25, 2004, Mr. Lowery stipulated to a quantity of at least 20 grams but less than 35 grams, or a base offense level of 28 on the United States Sentencing Guidelines, with regard to count three of the Second Superceding Indictment.

On June 18, 2004, this Court sentenced Mr. Lowery to a prison term of 48 months on count two, 78 months on count three, and 78 months on count four, all sentences to be served concurrently, and to a supervised release term following release from custody for a term of 1 year on count two, three years on count three and three years on count four, all to be served concurrently.

**ARGUMENT**

The Second Circuit remanded Mr. Lowery's case for consideration in light of *United States v. Crosby*. In that case, the Second Circuit held that in cases like Mr. Lowery's where a defendant is sentenced prior to *Booker*, the proper procedure is "a remand to the district court…for the purpose of permitting the sentencing judge to determine whether to re-sentence no fully informed of the new sentencing regime, and if so, to resentence." *United States v. Crosby*, 397 f.3d at 117. The determination as to whether to resentence turns on whether the Court would have imposed a "materially different" sentence had it known that the Guidelines were no longer mandatory. *See id.*

In this case, defendant believes that the court would have imposed a nontrivially different sentence if, at the time of sentencing, it had understood sentencing law as subsequently explained by the Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2005). There are several factors that would have impacted the Court's assessment of the appropriate sentence for Mr. Lowery which were precluded from consideration by the mandatory nature of the Guidelines. Considering these factors in light of the advisory nature of the Guidelines, as opposed to meeting the threshold requirements of a downward departure under the mandatory Guideline sentencing regime, should have resulted in a nontrivial reduction in Mr. Lowery's sentence.

A. <u>Sentence Not Based on Facts Found By a Jury</u>

Mr. Lowery's sentence was based on facts not found by a jury and facts which were determined under a vastly different sentencing regime. Mr. Lowery pleaded guilty to counts two, three and four of the Second Superceding Indictment. Count three of the Second Superceding Indictment charged Mr. Lowery with possession of cocaine base with intent to distribute in violation of 21 U.S.C. §841(a)1 and (b)1 but did not specify a quantity of cocaine

base.  Although Mr. Lowery's sentence relates to three charges, his base offense level under the United States Sentencing Guidelines Manual (the "Guidelines") was determined entirely by the drug quantity for which he was found responsible.  The Court calculated Mr. Lowery's sentence on a base level of 28 representing a quantity of at least 20 grams of cocaine base but less that 35 grams pursuant to a stipulation entered into by Mr. Lowery and the Government.  The facts admitted in Mr. Lowery's plea agreement, standing alone, do not support the sentence imposed, however.

After entering into the plea agreement, the Government issued its presentence report which, among other things, recommended that Mr. Lowery's sentence be based on 35 grams.  In response to Mr. Lowery's initial vigorous objections to the drug quantity specified in the presentence report, a subsequent presentence report states:

> Concerning ¶ 28 [of the presentence report], the defendant objects to 35 gram of crack cocaine being attributed to him, claiming that there is no credible evidence to support the calculation.  The defendant requests that 0.12 grams be to him for guideline purposes, pursuant to the charge of Possession of Cocaine Base With Intent to Distribute.  Through the probation officer's consultation with the Government concerning Mr. Lowery's matter, it was learned that Moses Bryant, an informant disclosed to the defendant who was scheduled to testify at his trial, informed that he typically sold eight-ball quantities of crack cocaine, which, as discussed in the presentence report, equals 3.5 grams.  It is evident by the recordings of the telephone conversations in question that more than "the NBA draft or to request to borrow Mr. Bryant's car for a prom" were discussed.  The bases for the defendant's plea of guilty to the charge of Use of Telephone to Facilitate a Narcotics Trafficking Offense is drawn from these recorded telephone conversations.  To discount these conversations as having not involved narcotics, and to not apply a drug quantity, questions Mr. Lowery's acceptance of responsibility in this case.

The Government's response hardly supports its contention that 35 grams should be attributed to Mr. Lowery.

The drug quantity relied on in the presentence report was based on facts not found by a jury or initially admitted by Mr. Lowery.  Indeed, Mr. Lowery vigorously objected to the

quantity proposed by the Government until the government indicated that Mr. Lowery's objections "question[ed] Mr. Lowery's acceptance of responsibility in this case."  Mr. Lowery was fully aware that an accusation by the Government that he had not accepted responsibility would have devastating consequences to his sentence, despite other evidence that he had fully accepted responsibility for his actions.  Under these circumstances, Mr. Lowery was simply afraid to maintain his objection to the Government's unsupported conclusions as to quantity.  As a result of the presentence report and the quantity that the Government sought to base his sentence on, Mr. Lowery stipulated that his conduct with regard to count three involved at least 20 but not more than 35 grams.  Neither the Second Superceding Indictment or Mr. Lowery's plea agreement addressed drug quantity.

At Mr. Lowery's sentencing hearing, the Court used the Guidelines to determine Mr. Lowery's sentence.  See 18 U.S.C. §3553(b).  The Guidelines first instruct a judge to determine the base offense level applicable to crime of crimes of conviction.  Guidelines §§ 1B1.1(a), (b), 1B1.2.  Pursuant to the Guidelines, count two, use of a telephone to facilitate a narcotics trafficking offense in violation of 21 U.S.C. § 843(b), and count three, possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), of the Second Superceding Indictment are grouped under Guidelines section 3D1.2(d) and the base offense level for these two offenses is based on the quantity of a substance involved.  *See* Guidelines § 2D1.1.  Count four (assault of a federal officer) is grouped and counted separately.  With regard to counts two and three, Guidelines section 2D1.6(a) states that the base offense level is the offense level applicable to the underlying offense.  The underlying offense, possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), is found in Guideline section 2D1.1.

That section establishes a base offense level of 28 for possession of at least 20 but less that 35 grams of cocaine base. Guidelines § 2D1.1(c)(6).

With regard to count four of the Second Superceding Indictment, assault on a federal agent in violation of 18 U.S.C. § 111(a) and (b), Guidelines Section 2A2.2 establishes a base offense level of 15. As Mr. Lowery's conduct with regard to this offense involved an automobile, the Guidelines dictate that the offense level be increased by four. The Guidelines also dictate an increase of three levels because the victim associated with Mr. Lowery's conduct was a government officer or employee. Thus, the adjusted offense level for count four is 22.

Combining the adjusted offense levels of group one and group two results in an increase of 1 level to the highest adjusted offense level, which is 28, the offense level for the combined group of counts two and three. The combined adjusted offense level pursuant to the Guidelines, therefore, is 29. At the sentencing hearing, the sentencing judge determined that Mr. Lowery had accepted responsibility for his actions and, accordingly, gave him a 2 level deduction resulting in a total offense level of 27. That offense level, taking into consideration Mr. Lowery's criminal history category of II, results in a sentence range of 78 to 97 months. The Court sentenced Mr. Lowery to 78 months, the minimum sentence permitted by the Guidelines.

Had Mr. Lowery's Sentence been based solely on those allegations in the Second Superceding Indictment to which he pleaded guilty, his sentence would have been far lower that that imposed by the sentencing judge. The drug quantity for which Mr. Lowery was found responsible was not stated in either the Second Superceding Indictment or Mr. Lowery's plea agreement. Mr. Lowery's sentence, therefore, was dramatically enhanced by the fact that the Court found him responsible for at least 20 but less that 35 grams of cocaine base with respect to the offense of possessing cocaine base with intent to distribute.

B.    <u>Overstatement of Criminal History</u>

The Court based Mr. Lowery's sentence on a mandatory criminal history category of II. Had the Court considered the subjective merits of his criminal history, the court should have based his sentence on a criminal history category of I, which would have made a nontrivial reduction in Mr. Lowery's sentence.

The presentence report submitted by the government gave Mr. Lowery one (1) criminal history point for his guilty plea to Operating a Vehicle Under Suspension. It added two (2) additional criminal history points pursuant to § 4A1.1(d), because Herbert was on probation during the commission of the instant offense. It therefore computes a criminal history category of II. The defense submits that the addition of two extra criminal history points are inappropriate here on several grounds and that the appropriate criminal history category is category I.

The addition of two extra criminal history points, dramatically overstates Mr. Lowery's criminal history for at least three reasons. First, Mr. Lowery's prior conviction is, in fact, a misdemeanor that arose from a driving infraction and therefore does not represent an incident involving violence. Second, his criminal history, by definition, does not extend over a substantial period of time and therefore does not represent a vast history of criminal misconduct (which the criminal history scheme is designed to recognize). Third, the likelihood that the defendant will commit further crimes based upon, among other things, his exemplary employment history, his support in the community, his compliance with the conditions of his supervised release and his significant post-arrest improvement, is remote. Had these factors been considered, the defendant believes the Court would have determined that the appropriate

criminal history category would have been I, which would have resulted in a nontrivial reduction in the Mr. Lowery's sentence.

    C.    <u>There is a Unique Combination of Factors in This Case Excluded From Consideration by the Guidelines That Would Have Warranted a Sentence Within the Policy Objectives of the Guidelines yet Lower Than That Dictated by the Guidelines</u>

As Congress has directed, the court is expected to "impose a sentence sufficient, but not greater than necessary," to achieve a just punishment." 18 U.S.C. § 3553. Thus, the overarching policy behind sentencing is to assign the minimum sentence that would achieve an adequate and just punishment. *See id.* The unique combination of Mr. Lowery's personal factors warrant consideration in this case, and would have resulted in a nontrivial reduction in Mr. Lowery's sentence. The Guidelines precluded these factors from appropriate consideration, however, because they did not meet the threshold requirement for downward departure. Had the Court been permitted to account for such factors in determining the appropriate sentence for Mr. Lowery, a lower sentence than that dictated by the Guidelines would have accomplished the balanced objective of the Guidelines.

        1.    <u>Combination of Personal Factors</u>

At the time of sentencing, this case presented circumstances and unique factors which taken together warranted a sentence below that mandated by the Guidelines. These factors included: Mr. Lowery's exemplary employment history, the financial hardship his incarceration would have imposed on Mr. Lowery's children, his support in the community, his scrupulous compliance with the conditions of his supervised release and his significant post-arrest improvement. While none of these factors was grounds for departure from the mandatory Guidelines, determining a sentence under advisory Guidelines would have permitted the Court to consider these many factors in determining the appropriate and fair sentence for Mr. Lowery.

Moreover, the policy goals of the Guidelines would still have been achieved with a sentence below the mandatory sentence imposed by the Guidelines.

The degree to which Herbert's children and family depend on him in both economic and, more importantly, non-economic ways combined with the other factors discussed below to makes a sentence below that mandated by the Guidelines appropriate. Although not ground for departure under the Guidelines, extraordinary family circumstances have been consistently considered a factor to be taken in to consideration in determining and appropriate sentence. *See, e.g., Guideline § 5H1.6*; *United States v. Galante*, 111 F.3d 1029 (2d Cir. 1997); *United States v. Johnson*, 964 F.2d 124, 129 (2d Cir. 1992); *United States v. Alba*, 933 F.2d 1117, 1122 (2d Cir. 1991); *see also United States v. Hammond*, 37 F. Supp. 2d 204, 207 (E.D.N.Y. 1999). Family circumstances are particularly relevant to determining an appropriate sentence where the defendant takes an active role in raising his children and the support of his family. *See United States v. Ayala*, 75 F. Supp. 2d 126, 138-39 (S.D.N.Y. 1999) (commenting that "if [the defendant's] non-disabled 4-year-old son is deprived of his father throughout his youth, there is a statistically provable greater likelihood that he, too, will end up in jail." *Id.* at 137-139 (*citing* Fox Butterworth, *Parents in Prison: A Special Report: As Inmate Population Grows, So Does a Focus on Children*, N.Y. Times, Apr. 17, 1999 ("having a parent behind bars is the factor that puts a child at greatest risk of becoming a juvenile delinquent and adult criminal")); *United States v. Owens*, 145 F.3d 923, 926 (7th Cir. 1998).

Moreover, Mr. Lowery was not the typical defendant. Mr. Lowery's onerous background, including the fact that he came from a "poor drug infested neighborhood" and the fact that, despite that background, he was able to meet familial responsibilities, are similarly not grounds for departure, yet is an appropriate factor to consider in determining a sentence. *See United*

*States v. Ayala*, 75 F. Supp. 2d at 138-3. At all times Mr. Lowery managed to stay actively involved in the raising of his children and took responsibility for the economic and non-economic support of his family. As noted in the letters submitted to the court in his Memorandum in aid of sentencing, Mr. Lowery has been a supportive father figure in the lives of both his children.

Furthermore, following his arrest, Mr. Lowery: (1) attended relapse prevention and drug and alcohol education groups; (2) attended aftercare Behavioral Health Services group meetings; (3) refrained from the use of alcohol and drugs; (4) providing nine urine samples and submitted to seven breathalyzers (and testing negative for each one); (5) searched for and obtained gainful employment while at the Cheney House; (6) set long term goals and formulated a plan to achieve these goals, and (7) volunteering for the rigor of the Intensive Confinement Center Program ("Boot Camp") to ensure that he obtains the necessary life skills to improve himself and realize his dreams. His post arrest achievements were truly extraordinary.

Like family circumstances, employment history and post arrest achievements are not grounds for a downward departure under the Guidelines. (*See* U.S.S.G. § 5H1.11). Nevertheless, had the Guidelines been viewed as advisory during sentencing, these factors would have been considered in combination with other factors presented herein in determining the appropriate sentence. Mr. Lowery demonstrated a positive and lasting transformation in his behavior that is extraordinary. His record of employment is replete with positive comments from employers. As a now sober, hardworking, and dependable member of society, Herbert has indeed demonstrated a positive and lasting transformation in his behavior that is indeed extraordinary. Had the Court not been precluded from considering these factors, individually and in combination, the Court would made a nontrivial reduction in Mr. Lowery's sentence

-10-

## **CONCLUSION**

      For all the reasons set forth above, the Court should resentence the defendant because, had the Court understood the Guidelines to be advisory, as they now are, it would have imposed a "materially different" sentence at the time of sentencing.

                                  DEFENDANT,
                                  HERBERT LOWERY

                              By        /s/ ct#24579
                                  Jason S. Weathers (ct#24579
                                  Day, Berry & Howard LLP
                                  CityPlace I
                                  Hartford, CT  06103-3499
                                  Tel:  (860) 275-0100
                                  Fax:  (860) 275-0343
                                  jsweathers@dbh.com

**CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

Gordon Hall, Esq.
Assistant United States Attorney's Office
District of Connecticut
157 Church Street
New Haven, CT  06510

                                                   /s/
                                      Jason S. Weathers