UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
UNITED STATES OF AMERICA       :
                               :
v.                             :   CRIMINAL NO. 3:02CR250(AWT)
                               :
HERBERT LOWERY                 :
                               :
-------------------------------x
```

**RULING ON REQUEST FOR POST-BOOKER RESENTENCING UPON REMAND**

For the reasons set forth below, the defendant's request for resentencing set forth in the Defendant's Memorandum in Support of Resentencing (the "Defendant's Memorandum")(Doc. No. 666) is being denied.

On May 31, 2005, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Court of Appeals' decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

Pursuant to Crosby, a district court is required to determine whether it would have "imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-Booker/Fan Fan regime and counsel had availed themselves of their new opportunities to present relevant considerations . . ." Crosby, 397 F.3d at 117. "In making that threshold determination, the [district court] should obtain the

views of counsel, at least in writing, but need not require the presence of the defendant . . . ." Id. at 120. However, the district court need not hold a hearing in order to reach its decision as to whether to resentence the defendant. If, after considering the factors set forth in 18 U.S.C. § 3553(a) and treating the Sentencing Guidelines as advisory, the court concludes "that the original sentence would have differed in a non-trivial manner from that imposed," id. at 118, then a full resentencing in compliance with Rule 32 of the Federal Rules of Criminal Procedure is required.

The court has treated the Sentencing Guidelines as advisory and considered the arguments in the Defendant's Memorandum. After considering the totality of the circumstances in this case, including the points emphasized in the Defendant's Memorandum, in light of the factors set forth in 18 U.S.C. § 3553(a), the court concludes that it would not have sentenced the defendant to a different sentence had the Sentencing Guidelines been advisory at the time the sentence was imposed.

The defendant pled guilty to three felony offenses: Use of a Telephone to Facilitate a Narcotics Trafficking Offense in violation of 21 U.S.C. § 843; Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. § 841(a)1 and (b)1; and Assault on a Federal Agent in violation of 18 U.S.C. § 111(a) and (b). On the day of sentencing, the court gave the

defendant a two-level downward adjustment for acceptance of responsibility in determining the defendant's total offense level.  The court noted that even though the commission of the offense predated the amendment to the Sentencing Guidelines that provides that an additional one-level downward adjustment for acceptance of responsibility can only be given upon motion of the government, that fact was irrelevant because the court would not, in any event, have given the additional one-level adjustment to the defendant.  See Sentencing Tr. (Doc. No. 625) at 6.  Consequently, the defendant's total offense level was 27 and his criminal history category was Category II.  The applicable range under the Sentencing Guidelines was 78 months to 97 months.  The court noted its view that the purposes of sentencing that most needed to be served in this case were the need to provide just punishment and the need for general deterrence.  The court also noted that, in light of the defendant's immaturity, it was giving him the benefit of the doubt in not concluding that the defendant's assault on a federal officer (and the circumstances surrounding the assault) suggested there was a need to protect society from the defendant.  The court then sentenced the defendant at the bottom applicable Guidelines range, imposing a sentence of 78 months.

   The defendant's first argument is that his sentence was materially enhanced because of the fact that the court found that

he was responsible for at least 20 but less than 35 grams of cocaine base with respect to the offense of possessing cocaine base with intent to distribute, and that this enhancement was not based on facts found by a jury.  However, the court recalls that it was prepared to proceed with a hearing on the quantity of cocaine base that should be attributed to the defendant and the government's witness would have been called to testify.  In lieu of proceeding with the hearing, the defendant chose to enter into a stipulation that he was responsible for that amount.  Therefore, this argument is not one that would have persuaded the court that a lower sentence would have been appropriate.

At the time of sentencing, the defendant moved for a downward departure pursuant to U.S.S.G. § 4A1.3.  He renews this contention now as his second argument, arguing that had the court "considered the subjective merits of his criminal history," the court would have made a non-trivial reduction in his sentence. Defendant's Memorandum at 7.  As a third argument, the defendant argues that a combination of personal factors warranted a sentence below the applicable Guidelines range:

> These factors included: Mr. Lowery's exemplary employment history, the financial hardship his incarceration would have imposed on Mr. Lowery's children, his support in the community, his scrupulous compliance with the conditions of his supervised release and his significant post-arrest improvement.

Defendant's Memorandum at 8.

All of the factors referred to by the defendant with respect

4

to his second and third arguments are ones that were considered by the court at the time sentence was imposed. The court made it clear that even if the defendant had satisfied the requirements for a downward departure, it would not have departed. The court stated at one point, "And I would not depart at all for that component of the case," and then a few moments later the court stated, "Looking at all of those factors, I concluded that this is a case where I would not exercise my discretion to depart downward." Sentencing Tr. at 35, lines 12-13 and 36, lines 8-10. Thus, the court's analysis at the time of sentencing was not that although there were facts that warranted a lower sentence a downward departure was not permissible under the Guidelines, but rather that even if a departure was permissible under the Guidelines, the court would not exercise its discretion to depart in view of the totality of the facts and circumstances of this case. The court concluded that it would not, in any event, exercise its discretion to depart downward because in the court's view a sentence of 78 months reflected the most appropriate balance taking into account all the factors under 18 U.S.C. § 3553(a). The court sees nothing in the defendant's memorandum in support of resentencing that changes the analysis it undertook on the day of sentencing.

5

The court notes that the mandate from the Second Circuit states that any appeal taken from this court's decision on remand can be initiated only by filing a new notice of appeal.  See Fed. R. of App. P. 3, 4(b).

Accordingly, the Judgment in a Criminal Case dated June 22, 2004 (Doc. No. 610) remains in full force and effect.

It is so ordered.

Dated this 14th day of July 2006 at Hartford, Connecticut.

                                                /s/ (AWT)
                                          Alvin W. Thompson
                                    United States District Judge